337 So.2d 420 (1976)
Edward J. GILL et Ux., Appellants,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Appellees.
No. 76-272.
District Court of Appeal of Florida, Second District.
September 24, 1976.
David T. Henniger, of Lloyd & Henniger, St. Petersburg, for appellants.
William Duane Wood, III, of Lyle, Skipper, Wood & Anderson, St. Petersburg, for appellees.
BOARDMAN, Judge.
In an action for damages brought by appellants/plaintiffs against appellees/defendants the theory for recovery was alleged in the third amended complaint as follows:

*421 The Defendant, W.E. WALLACE, performed surgery upon a patient who occupied the same room with the Plaintiff, EDWARD J. GILL. The Defendant, W.E. WALLACE, knew, or should have known, that the infection that his patient had was highly contagious, however, the Defendant, W.E. WALLACE, failed to undertake any steps to prevent the spread of said infection to the Plaintiff, EDWARD J. GILL, or failed to warn the Plaintiff or the Hospital authorities or the physician of EDWARD J. GILL, causing an unreasonably [sic] increase in the risk of injury to the Plaintiff.
As a result of the negligence as aforesaid of the Defendant, W.E. WALLACE, the Plaintiff has suffered injuries causally related to the negligence of the Defendant, W.E. WALLACE.
After hearing, the court granted the motion to dismiss.
We hold that the said complaint does state a cause of action and alleges a duty and a breach of that duty.
Accordingly, we
REVERSE.
McNULTY, C.J., and HOBSON, J., concur.